IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**KEITH L. CLARK,**

    Defendant-Petitioner,

vs.

    Criminal No.00-37
    Honorable Donald E. Ziegler
    U.S. District Judge

**UNITED STATES OF AMERICA,**

    Plaintiff-Respondent.

FILED
FEB 22 2008
CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**MOTION FOR MODIFICATION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)**

    The petitioner, Keith Clark (hereinafter "Clark"), and proceeding pro se, respectfully petition this Honorable Court pursuant to Title 18 U.S.C. § 3582(c)(2) for a reduction of his prison sentence in the above criminal matter.

    Clark makes this request in light of Amendment 9 to the United States Sentencing Guidelines (U.S.S.G.), which reduced the sentencing ranges for cases involving crack cocaine. (See, 72 FR 28557 (May 21, 2007)).

**I.    BACKGROUND**

    Clark was named in a five-count indictment filed on March 1, 2000 in the Western District of Pennsylvania.  Count 1 charged Clark with Distribution and Possession with Intent to

1

Distribute less than 50 kilograms of marijuana, in violation of 21 USC §§ 841(a)(1) and 841(b)(1)(D); Count 2 charged him with Conspiracy to Distribute and Possess with intent to Distribute in excess of 50 grams of cocaine base ("crack"), in violation of 21 USC § 846; Count 3 charged him with Distribution and Possession with intent to Distribute in excess of 50 grams of cocaine base, in violation of 21 USC § 841(a)(1) and § 841(1)(b)(iii); Count 4 charged him with Distribution and Possession with intent to Distribute in excess of 5 grams of cocaine base, in violation of 21 USC §§ 841(a)(1) and 841(1)(b)(iii); and Count 5 charged him with Distribution and Possession with intent to Distribute in excess of 50 grams of cocaine base, in violation of 21 USC §§ 841(a)(1) and 841(1)(b)(iii).

Clark later entered a guilty plea to Count 2 of the Indictment.

On August 17, 2000, this Court, after reviewing the Presentence Report (PSR) and objections submitted thereto, found by a preponderance of the evidence and pursuant to U.S.S.G. § 4B1.1(A) and § 4A1.3 of the Sentencing Guidelines that Clark's offense level is 31 (after adjustments for acceptance of responsibility under § 3E1.1(a) & (b), and adjustments under § 4A1.3). Based on a Criminal History category of IV and a guideline range of 151 to 188 months, the Court sentence Clark to 151 months imprisonment, to be followed by 5 years of supervised release.

Clark did not appeal his sentence or conviction to the Third Circuit.

II.     **ARGUMENT IN SUPPORT OF CLARK'S MOTION PURSUANT TO 18 U.S.C. § 3582(c)(2).**

PART A.    **Amendment 9, 18 U.S.C. § 3582(c)(2), and 18 U.S.C. § 3553(a) Factors.**

In May 2007, the United States Sentencing Commission issued a report to the United States Congress in which it "again unanimously and firmly urge[d] Congress to act promptly" by "decreasing[] substantially" the 100-to-1 ratio in the Guidelines' base offense levels and drug quantity table that establish sentencing ranges for crack cocaine and powder cocaine quantities. (U.S. Sentencing Commission Special Report to Congress: Cocaine and Federal Sentencing Policy 8 (2007)); (2002 Report at viii). After commenting that "the problems associated with the 100-to-1 drug quantity ratio ... are [] urgent and compelling," the Commission submitted an amendment (Amendment 9) to Congress that, as of November 1, 2007, adjust crack quantities downward by two levels. (2007 Report at 9). Accordingly, the amendment assigns, for crack cocaine offenses, base offense levels corresponding to guideline ranges that include the statutory mandatory minimum penalties for cocaine base ("crack").

Based on the changes brought about by Amendment 9, coupled with the retroactivity designation of Amendment 9 under U.S.S.G. § 1B1.10 which was issued by the Sentencing Commission on December 11, 2007, federal inmates such as Clark whose prison sentences are based on crack penalties may petition the sentencing court pursuant to 18 U.S.C. § 3582(c)(2) to seek the

3

two-level reduction authorized by Amendment 9.

Title 18 U.S.C. Section 3582(c)(2) provides that the sentencing court may not modify a term of imprisonment once it has been imposed except that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), ... the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Prior to the issuance of Amendment 9, the Sentencing Commission has repeatedly criticized the 100-to-1 ratio disparity in sentencing between crack and powder cocaine, and has been instrumental in pushing for changes that would dismantle the disparity, as can be gleaned from the slew of reports and policy statements the Commission has issued over the years discrediting crack cocaine sentencing. The passage of Amendment 9 is yet another step by the Commission towards instituting changes intended to achieve a level of parity and fairness in sentencing involving crack cocaine offenses. Listing Amendment 9 in § 1B1.10(c) reflects policy determination by the Commission that a reduced guideline range is sufficient to achieve the purpose of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment is appropriate for previously sentenced defendants. (See,

U.S.S.G. § 1B1.10, Background).

As the Commission explained in reports dating back to 1995, the 100-to-1 ratio disparity between crack and powder cocaine is unwarranted, unjust, it undermines the objectives of the Sentencing Reform Act, and it creates a racially disproportionate impact. (See, U.S. Sentencing Commission Report to Congress: Cocaine and Federal Sentencing Policy (2002)) ("[T]he Commission firmly and unanimously believes that the current federal cocaine sentencing policy is unjustified and fails to meet the sentencing objectives set forth by Congress in both the Sentencing Reform Act [of 1984] and the [Anti-Drug Abuse] Act.") (2002 Report). Just as how the Commission acknowledged the importance of eliminating the weighing of LSD carrier medium, it has also acknowledged the need and the importance of correcting the disparity between crack and powder cocaine.

As it stands, the present change in the Guidelines effectuated by Amendment 9 presents unique questions surrounding the extent of reduction in sentence the district court may lawfully impose by exercising its discretion within the framework of the post-<u>Booker</u> sentencing regime. As this Court is well aware, the United States Supreme Court in the consolidated cases of <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738 (2005), ruled that the language in the Sentencing Reform Act making the Sentencing Guidelines mandatory was to be stricken. The Guidelines thus, in the words of the Court, became "effectively advisory" in all cases. Id., at 757.

The Guidelines are now just one factor among several that sentencing courts are required to consider in imposing a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

In today's post-<u>Booker</u> sentencing regime, at sentencing district courts are required first to correctly identify the applicable guideline range. Secondly, the court is then required to consider the factors set forth in 18 U.S.C. § 3553(a). According to section 3553(a)(2), the four purposes of sentencing are retribution, deterrence, incapacitation, and rehabilitation. In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in § 3553(a). These factors are: (1) "the nature and circumstances of the offense, and history and characteristics of the defendant"; (2) "the kinds of sentencing available"; (3) "the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range"; (4) "the need to avoid unwarranted sentencing disparity"; and (5) "the need to provide restitution where applicable." See, 18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7). Thus, in light of Amendment9, if this Court finds that the sentence previously impose upon Clark is greater than necessary to comply with the pupposes of sentencing, § 3553(a) provides the Court with the authority to excerise its discretion in imposing a more lenient prison sentence.

6

Post-<u>Booker</u> precedent instructs district courts to, inter alia, "exercise[] [their] discretion by considering the relevant [§ 3553(a)] factors" in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines. See, <u>United States v. King</u>, 454 F.3d 187 (3rd Cir. 2006), quoting <u>United States v. Cooper</u>, 437 F.3d 324, 329 (3rd Cir. 2006). Likewise, as stated above, section 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o),... the court may reduce the term of imprisonment, <u>after considering the factors set forth in section 3553(a) to the extent that they are applicable</u>..." See, § 3582(c)(2) (emphasis added).

In <u>United States v. Gunter</u>, the Third Circuit held that by not considering the factors set forth in the relevant § 3553(a) factors, this "implicates the second type of <u>Booker</u> error," i.e., the non-constitutional error. <u>Gunter</u>, 462 F.3d at 248. Inasmuch as reliance upon the section 3553(a) factors are inappropriate within the context of a § 3582(c)(2) motion, the Second Circuit, as well as the Third, found that it is the district courts that have the discretion to lower sentences in the context of a motion presented under § 3582(c)(2). See, <u>United States v. Colon</u>, 961 F.2d 41 (2nd Cir. 1992). Specifically, the <u>Colon</u> Court held:

> We note that the amendment [to the Guidelines] is not among those explicitly stated to be

7

> retroactive by the Sentencing Commission, see U.S.S.G. § 1B1.10(d) (policy statement), but we are not deciding the effect of this policy statement, nor its relationship to Section 3582(c)(2). <u>It will be for the District Court, in the first instance</u>, to determine, on application or sua sponte, to what extent, if any, it has authority to apply [an amendment], and whether, even if the court decides (or assumes, for purpose of an application) that it has adequate authority to apply the amendment, it wishes to exercise its discretion to do so.

Id., at 46 (emphasis added).

As can be gleaned from <u>Colon</u>, the Second Circuit did not fully resolve whether § 3582(c)(2) is broadly applicable to instances where the Guidelines has been modified, either by the Sentencing Commission's policy statements or commentaries, or through some other form of modification, but instead left it to the discretion of the district court to invoke the provisions of § 3582(c)(2).

Even though it is now clear that the current modification to the Guidelines may be applied in individual cases upon submission of a motion filed under § 3582(c)(2), the modification brought about by Amendment 9 is not the sole basis upon which this Court's authority to modify Clark's sentence (and the extent of such modification) rest. In addition to the provisions set out in § 3582(c)(2), subsection (b) of § 1B1.10, which guides sentencing courts as to the amount by which a sentence may be reduced under § 3582(c)(2), provides additional clarification on how district courts should go about applying sentence reductions authorized by an amendment to the Guidelines (in this case Amendment 9) and concomitant statutes relative to

8

resentencing post-<u>Booker</u>. Subsection (b) of § 1B1.10 states:

> In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defedant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time defendant was sentenced....

As result, section 3582(c)(2), along with 28 U.S.C. § 994(o), mandates that the § 3553(a) factors are considered when deciding whether to modify a previously imposed sentence based on an amendment to the Guidelines. See, <u>United States v. Williams</u>, 456 F.3d 1354, 1369 (11th Cir. 2006) ("It may be that for some of the reasons stated in the Sentencing Commission's reports, the Guidelines range in a given crack case overstates the seriousness of the particular defendant's offense or that individualized mitigating factors counsel against a Guidelines sentence.").

**Part B.    Title 18 U.S.C. § 3553(a), the Advisory**
            <u>Guidelines Sentencing Scheme, and Amendment 9</u>

On August 17, 2000, Clark was sentenced by this Court to 151 months imprisonment. He was 29 years old at the time. Now that Clark has been presented with the opportunity to petition this Court for a reduction in his sentence, he respectfully makes this request in light of the factors set forth in § 3553(a), and on the basis of the <u>Booker</u> advisory regime.

To begin with, section 3582(c)(2) requires sentencing courts

to consider all applicable § 3553(a) factors. In that sense, careful analysis of the § 3553(a) factors indicate that Clark's 12½ year prison sentence is not only unwarranted, but it is also unreasonable.

On August 17, 2000, this Court conducted a sentencing hearing in Clark's case where the PSR classified Clark as a career offender within the meaning of U.S.S.G. § 4B1.1 of the Guidelines. The Court rejected that classification, finding that the career offender status overrepresented the seriousness of Clark's criminal history and the likelihood that he will be a recidivist. As a result, the Court departed from the career offender classification pursuant to § 4A1.3 and in light of Shoupe v. United States, 35 F.3d 835 (3rd Cir. 1994), and sentenced Clark to 151 months imprisonment.

Now that Clark has been presented with the opportunity to petition this Court for a reduction in his sentence in light of the recent change in the Guidelines issued by the Sentencing Commission in Amendment 9, he does so without offering any excuses for his actions which led to the 12½ year prison term that he is now serving. Clark understands that his participation in the drug trade has caused a lot of harm in the lives of others, and has hampered the health and the development of his community. In realizing this, he has since made every attempt to bring change into his life by setting his mind on pursuing positive goals. Throughout his time in prison, Clark has exemplified growth, productivity, and rehabilitation. In addition, he has continuously received outstanding evaluation

reports from his work supervisors and unit staff, and have acquired an admirable array of certificates and accolades for his participation in different programs offered at the prison. (See, Attachment "A").

To further his education and create options in life for himself, Clark is currently taking a correspondent course at Ashworth University where he is pursuing an Associates degree in Business Management. (See, Attachment "B"). He understands the importance of education and the assuredness that information imparts upon those pursuing dreams that are worthwhile. And because Clark's attitude no longer reflects the shiftlessness endemic to his past, he has since been working hard to change his life into a model of purpose of usefulness.

A proper analysis of Clark's characteristics, the nature of the instant offense, and the potential range of sentences available to the Court indicates that an appropriate sentence can be fashioned that is below the guideline range of 151 to 188 months. See, United States v. Williams, 456 F.3d 1354, 1369 (11th Cir. 2006) ("It may be that for some of the reasons stated in the Sentencing Commission's reports, the Guidelines range in a given crack case overstates the seriousness of the particular defendant's offense or that individualized mitigating factors counsel against a Guidelines sentence."); see also Rita v. United States, 127 S.Ct. 2465, 2468 (2007) (holding that district courts may conclude that the guideline sentence fails to reflect § 3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in a proper

11

way, or that a different sentence is appropriate "regardless"). If Clark's criminal history category substantially overrepresent the seriousness of his criminal history or the likelihood that he will commit other crimes, (which is a finding made by this Court during Clark's sentencing), then pursuant to Booker, the overrepresentation of Clark's criminal history may also be grounds for varying from the recommended guideline sentencing range. See, Rita, supra.

As this Court is well aware, because Clark was sentenced before the Supreme Court's decision in United States v. Booker, and Rita v. United States, the section 3553(a) factors that are now in play were not in play when he was originally sentenced. Therefore, based on the present change affecting the Guidelines, (i.e., Amendment 9), the Court may now impose a non-guidelines sentence. Cf. Williams, 456 F.3d at 1369. In support of this assertion, Clark points to an observation made by the district court for the District of Puerto Rico in United States v. Forty Estremera, 498 F.Supp.2d 468 (D. Puerto Rico, 2007), that "when [a district] court reconsiders [a] sentence pursuant to § 3582 (c)(2)---in a proceeding that occurs solely because the Sentencing Commission lowered the applicable sentencing range ---the court ... ha[s] [the] discretion to impose a non-guidelines sentence." Id., at 471, citing United States v. Hicks 472 F.3d 1167, 1171 (9th Cir. 2007); see also United States v. Mateo-Espejo, 426 F.3d 508, 510, note 1 (1st Cir. 2005) (absent an ex post facto problem the district court must apply the version of the Sentencing Guidelines in effect on the date of

resentencing); U.S.S.G. § 1B1.11(a) & (b)(2) (The court shall use the Guidelines Manual in effect on the date that the defendant is sentence[,] unless doing so violate the ex post facto clause).

In the present case, Booker's advisory regime is the "version of the Sentencing Guidelines [currently] in effect." "These Guidelines ... include judicial interpretations by the Supreme Court, of the 'constitutional requirement that creates fundamental change' to the legal framework in question; a requirement of such magnitude that it rendered the Guidelines advisory only." Forty Estremera, 498 F.Supp.2d at 471, referencing Booker, 543 U.S. at 248. Therefore, at resentencing the entire gamut of Booker's advisory regime and Sixth Amendment interpretation are now available to the Court in fashioning a sentence that is reasonable and "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

Indeed, imposition of a twelve-and-a-half year prison term under the circumstances presented here and in light of the characteristics and facts described above conflicts with the holdings of the remedial majority in Fanfan, and with Congress' explicit instructions that courts consider all of the § 3553(a) factors when entertaining a motion filed pursuant to § 3582(c)(2) and that statute's reliance on 28 U.S.C. § 994(o), which provides the Court with the discretion to "reduce the term of imprisonment after considering the factors set forth in section 3553(a)." Cf. Cirilo Munoz v. United States, 404 F.3d 527, 533,

13

n.7 (1st Cir. 2005) (noting that several courts of appeals have said that the advisory guidelines regime is to be used after <u>Booker</u> in resentencing even when the remands for resentencing are not caused by <u>Booker</u> error); see also <u>United States v. Gilman</u>, 478 F.3d 440, 444 (1st Cir. 2007).

**PART C.**      **The Court's Discretion to Impose a Variant or Non-Guideline Sentence**

Because of the severity of Clark's prison term, this Court, by exercising its discretion, may now impose a "variant" or non-guideline sentence after considering the factors set forth in section 3553(a). In <u>Forty Estremera</u>, supra, the issue of whether the district court may impose a variant or non-guideline sentence in the current <u>Booker</u> advisory regime based on a motion pursuant to § 3582(c)(2) which has been submitted in light of an amendment to the Guidelines was the basis of the government's contention in that case. There, the government argued that "<u>Forty Estremera's</u> offense level at resentencing would not change because application of the adjustments for supervisory role and obstruction of justice totaling five levels in accordance with section 3B1.1 and 3C1.1 would, in any event, yield an adjusted guideline range of 43, which range would still call for life imprisonment according to the U.S. Sentencing Guidelines' Sentencing Table." <u>Forty Estremera</u>, 498 F.Supp.2d at 471. The district court rejected this argument by pointing out that "an imposition of a Guideline sentence here without applying their newly advisory role would be violative of the established principle that the Guidelines as they exist at the

14

time of sentencing is the version to be applied." Id., at 471. The district court then went on to state that "[t]his Court is mindful that <u>Booker</u> does not mean that judges are now free to impose any sentence they want and that while <u>Booker</u> has increased a sentencing court's discretion, that discretion is not without limits." Id. The Court then observed that "at defendant's resentencing hearing, we will begin by calculating the applicable guideline range. [This means that the constitutional elements developed under <u>Booker</u> were also considered]." Id. In concluding that <u>Booker's</u> advisory regime applied, the Court concluded that "we will evaluate the factors set forth in 18 U.S.C. § 3553(a) to determine whether or not a guideline or non-guideline sentence is warranted." Id., at 472, citing <u>United States v. Gilman</u>, 478 F.3d 440, 444 (1st Cir. 2007).

In a similar vein, the Ninth Circuit, in <u>United States v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007), noted that "under <u>Booker</u>, to the extent that the [Sentencing Commission's] policy statements would have the effect of making the Guidelines mandatory (even in the restricted context of § 3582(c)(2)), they must be void." Id. This makes clear that, in the wake of <u>Booker</u>, all resentencing now have to be done under an advisory Guideline system.

At sentencing, Clark was classified as a career offender pursuant to § 4B1.1 of the Sentencing Guidelines. The career offender classification was subsequently rejected by the Court pursuant to § 4A1.3. On the surface, Clark's career offender

classification may appear to bar him from benefiting from the changes in the Guidelines brought about by Amendment 9. However, nothing in the statutory language of § 3582(c)(2) requires that the guideline amendment actually have the effect of lowering a defendant's guideline range before the sentencing court can revisit the sentence. Rather, the statute requires that the defendant's sentence be "based on" a sentencing range that has subsequently been lowered. See, e.g., <u>United States v. LaBonte</u>, 70 F.3d 1396, 1412 (1st Cir. 1995) (rejecting government's argument that § 3582(c)(2) resentencing is inappropriate where defendant's original sentence falls within the amended guideline range because "we cannot be confident that, faced with a different range of options, the district court's choice will remain the same"). All crack sentences were "based on" the crack guideline's sentencing ranges because those ranges represented the starting point of every sentencing pre- and post-<u>Booker</u>, even if the defendant was ultimately sentenced under §§ 4B1.1 or 4B1.4. Moreover, although Clark was classified as a career offender, technically he was not sentenced under the career offender provision, which mandates that his offense level be set at 37, and his criminal history category at VI. Therefore, his sentence was not mandatorily set by statute, and Amendment 9 applies.

Recently, the Supreme Court, in <u>Gall v. United States</u>, 128 S.Ct. 586, 591 (2007), stated that "the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant" to a sentencing decision. Id.; Cf.

§ 3553(a) factors. Given this relevance, this Court is free under § 3582(c)(2) to consider the retroactive crack amendment in deciding whether the advisory sentence under the career offender guideline is "sufficient but not greater than necessary to satisfy the purposes of sentencing."

Because the "mandatory, the-above-the-statutory-minimum Guideline range for drug trafficking penalties, which reflect the [100:1 crack/powder cocaine ratio], are not [binding] after Booker," (quoting, Gunter, 462 F.3d at 248), this Court may exercise its discretion to resentence Clark anywhere between ten years and life imprisonment (the statutory minimum and maximum ranges of 21 U.S.C. § 841(b)(1)(A)) after considering the factors promulgated in § 3553(a) and the policy statements and commentaries issued by the Sentencing Commission on the unjustifiable and inequitable application of the 100:1 disparity between crack and powder cocaine. See, Gunter, 462 F.2d at 248 (concluding that, "once between the minimum and maximum statutory ranges of 21 USC § 841(b), there is nothing special about the crack cocaine Sentencing Guidelines that makes them different, or less advisory, than any other Guidelines provision.").

All in all, a discretionary (non-guideline) prison sentence outside the twelve-and-a-half-year prison term previously imposed upon Clark is available in this particular case, one that reflects the seriousness of the crime, protects the public, and offers deterrence. Indeed, a sentence other than the 151 months prison term previously imposed in this case is

"sufficient but not greater than necessary" to achieve the purpose of sentencing set forth in 18 U.S.C. § 3553(a).

### III.    CONCLUSION

Based on the foregoing argument, Clark respectfully ask this Honorable Court to reduce his current prison sentence of 151 months by imposing a non-guideline sentence in light of the recent changes to the Sentencing Guidelines effectuated by Amendment 9.

Respectfully submitted,

Dated: February 19, 2008

*Keith Clark*
Keith Clark (pro se)
Federal Reg.#06805-068
FCI McKean
P.O. Box 8000
Bradford, PA 16701

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) was sent via First Class mail on this 19 day of February, 2008, to the following attorney for the government:

>Mr. Bruce J. Teitelbaum
>Assistant U.S. Attorney
>633 Grant Street
>Pittsburgh, PA 15219

*[signature]*
Keith Clark (pro se)
Federal Reg.#06805-068
FCI McKean
P.O. Box 8000
Bradford, PA 16701