UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.  Criminal No. 00-37

KEITH CLARK

### ORDER OF COURT

Before the Court is defendant Keith Clark's pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 (doc. no. 49). On August 8, 2000, defendant was sentenced by the Honorable Chief Judge Donald Ziegler to a term of imprisonment of 151 months with 60 months supervised release to follow. Former counsel has now been appointed to represent defendant on this motion.

The government's response states as follows:

> Defendant naturally presumes he would be entitled to the two level reduction occasioned by the crack guidelines pursuant to Title 18, United States Code, Section 3582(c)(2). (The defendant would not be eligible for anything beyond a two level reduction in accordance with U.S.S.G. § 1B1.10(b)(2)(A)). Should the amended crack guidelines apply to defendant's case, he would be entitled to a possible reduction from the range of 151-188 months (Level 31, Category IV) to 121-151 months (Level 29, Category IV). The question in resentencing the defendant pursuant to the amended guidelines is whether the Court should apply the reduction to the original career offender range of 262-327 months or to the post -*Shoupe* [*United States v. Shoupe*, 35 F.3d 835 (3d cir. 1994) (sentencing court may depart downward on defendant's base offense level if defendant's career offender status overrepresents his criminal history and likelihood of recidivism)]departure range of 151-188 months. It would appear from Application Note 3 to U.S.S.G. § 1B1.10(b)(2) that a reduction based upon the post-*Shoupe* sentencing range may be appropriate; however, the government is unaware of any precedent as to this issue. A second question for the court would be, assuming a reduction is permissible, what is the appropriate response in light of the prior substantial downward departure.
>
> The government notes that the defendant had been previously represented by Assistant Federal Public Defender William Penn Hackney, whose office has been generally appointed as to all pro se Section 3582(c)(2) motions. The

government respectfully submits that, should the court desire additional input as to either of these two issues, a response be solicited from the Federal Public Defender's Office.

Government's Response (doc. no. 50) to Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582, at 2-3.

The Court deems it appropriate to receive briefing on this issue from the government and the defendant; accordingly,

IT IS HEREBY ORDERED that on or before June 17, 2008, the parties shall file a Sentencing Memorandum with Regard to Resentencing Factors addressing the above noted issue and any other matters deemed relevant to resentencing under the amended sentencing guidelines with regard to crack cocaine offenses. In lieu of said respective sentencing memoranda, if counsel confer and agree to the disposition of defendant's motion, they may submit a Joint Statement of Positions with Regard to Resentencing Factors on or before June 17, 2008.

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc: all counsel of record