IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            )
                                    )
            v.                      )    Criminal No. 00-37
                                    )
KEITH L. CLARK                      )

GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW, comes the United States of America, by and through Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Bruce J. Teitelbaum, Assistant United States Attorney for said district, and hereby submits the following Sentencing Memorandum:

Title 18, United States Code, Section 3553(a) requires this Court to consider the following sentencing factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

In this case, the United States believes that the Presentence Report, as adjusted to reflect a two level reduction to the offense level pursuant to U.S.S.G. §1B1.10(b)(2)(A), accurately and fully sets forth all information that the Court needs in order to impose a fair and just sentence. The adjusted Presentence Report reflects a guideline range of 121-151 months. This range, which carries a ceiling of the actual sentence originally imposed by Judge Ziegler (151 months)[1] would provide for an appropriate sentence which would fairly and adequately address the defendant's conduct in light of his relatively minor criminal record and drug dependance. A sentence within the guideline range obviously reflects the Sentencing Commission's determinations as to the seriousness of the offense and the need to provide a just and equal punishment which will deter others. As to Supervised Release, the defendant will most likely need ongoing drug treatment and monitoring in addition to all standard conditions of release.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

By:  s/Bruce J. Teitelbaum
BRUCE J. TEITELBAUM
Assistant U.S. Attorney
U.S. Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
412-644-3500 (Phone)
Bruce.Teitelbaum@usdoj.gov
PA ID No. 32266

---

[1] As previously noted, Judge Ziegler at the original sentence on August 8, 2000, granted the defendant a Shoupe departure, which over-rode the range of 262-327 months established as a result of the defendant's career offender status, and applied the range acutally determined by drug quantity and the defendant's actual criminal history (category IV). That range being 151-188 months.