IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.               ) | Criminal No. 00-37 |
| ) | |
| KEITH LAMONT CLARK       ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE**

AND NOW comes the defendant, Keith Lamont Clark, by his attorney, Federal Public Defender Lisa B. Freeland, and files this Reply to Government's Response to Defendant's Motion for Reduction of Sentence. In support thereof counsel states:

As the court is aware, Keith Clark was sentenced in August 2000 to 151 months imprisonment and 5 years of supervised release. Although Mr. Clark was deemed a career offender and his guideline sentencing range was determined to be 262-327 months, the court downwardly departed under United States v. Shoupe, 35 F.3d 835 (3d Cir. 1994), to a the non-career offender range 151-188 months and ultimately imposed a sentence at the low end of that range – 151 months.[1]

On February 22, 2008, Mr. Clark filed a pro se motion under 18 U.S.C. § 3582(c) for a reduction in sentence based on the Sentencing Commission's recent amendment to the crack guideline.

---

[1] The PSR identified a departure under U.S.S.G. § 4A1.3 and Shoupe under Part E (Factors That May Warrant Departure), PSR at 15, and defense counsel filed a Motion for Downward Departure and Memorandum in Mitigation of Sentence. See Docket Entry No. 20.

On April 21, 2008, the government filed a response to Mr. Clark's motion and queried whether a two-level reduction under the § 3582(c) should be made from the career offender guideline range of 262-327 months or from the non-career offender range of 151-188 months. The government recognized that "it would appear the post-<u>Shoupe</u> sentencing range may be appropriate; however, the government is unaware of any precedent as to this issue." Government's Response at 2-3 (Docket Entry No. 50). It further questioned whether the prior substantial departure should affect the court's consideration of Mr. Clark's current request for a reduction under the crack amendment. <u>Id</u>. By Order dated May 27, 2008, the court directed counsel for Mr. Clark to address these issues. Order of Court at 2 (Docket Entry No. 52).

In the time since the government's response was filed, Judge Dalzell of the United States District Court for the Eastern District of Pennsylvania issued an opinion addressing the first question posed by the government and found that the post-<u>Shoupe</u> guideline range is the appropriate starting place for any reduction under 3582(c). See <u>United States v. Dewell Poindexter</u>, 2008 WL 1946821 (E.D.Pa., May 2, 2008). Undersigned counsel provided the <u>Poindexter</u> decision to government counsel who now is in agreement that Mr. Clark's post-<u>Shoupe</u> guideline sentencing range of 151-188 months should be reduced by two levels to a resulting guideline sentencing range of 121-151. In its sentencing memorandum, the

2

government does not argue for a particular sentence within the newly-established range; instead it simply notes that, in its view, a sentence within the range "would provide for an appropriate sentence which would fairly and adequately address the defendant's conduct in light of his relatively minor criminal record and drug dependence." Government's Sentencing Memorandum at 2 (Docket Entry No. 54).

Insofar as the government has not identified any post-sentence event or information that would give this Court reason to vary from Judge Ziegler's original weighing of the 3553(a) factors in determining where within the guideline range to sentence Mr. Clark, counsel suggests this Court preserve Judge Ziegler's determination that a sentence at the low end of the guideline range is appropriate. As Judge Dalzell stated in Poindexter: Because nothing has been presented which "significantly alters the § 3553(a) calculus," and "because we were not present at the original sentencing and have inherited this case from our late colleague, we find the best course is to maintain Judge Waldman's calculus as much as possible, varying only that factor that has been altered by the intervening change in the law, namely the offense level."

As in Poindexter, nothing has been raised here that would alter the original § 3553(a) calculus which led Judge Ziegler to impose a sentence at the low end of the guideline range – at least

3

nothing that would support a decision to sentence Mr. Clark to anything other than the low end.  To the contrary, Mr. Clark's diligence and resulting achievements while in prison demonstrate that Judge Ziegler's calculus was correct.  <u>See</u> <u>Pro</u> <u>Se</u> Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c), Attachments A and B (Docket Entry No. 49).

Mr. Clark also has shown that the support and confidence shown by those who wrote letters on his behalf at the time of his original sentencing was well-placed.  <u>See</u> Motion for Downward Departure and Memorandum in Mitigation of Sentence, Exhibits A-I (Docket Entry No. 20).  He has maintained these positive relationships and will be released into a supportive environment, surrounded by people who believe in him and who he does not want to disappoint.  In an effort to secure the skills and ability to give himself the best chance at success upon release, Mr. Clark has used his time in prison wisely.  He has shown discipline and availed himself of educational and vocational opportunities that present a coherent picture of a person with a plan for continued productivity upon release.

Judge Ziegler recognized that, when viewed through the spectre of § 3553(a), Mr. Clark deserved leniency.  His sentence at the low end of the guideline range embodies that recognition.  The sentence imposed under § 3582(c), which directs the court to conduct the same § 3553(a) analysis, likewise should reflect such leniency.

The sentence also should reflect the fact that Mr. Clark has shown remorse for his offense and committed himself to make positive changes in his life by pursuing an education (GED and other courses in business, economics, math, reading, English, and law), as well as vocational and life-skills, including courses related to health and wellness, parenting, relationships, and personal finance.

In his pro se motion, Mr. Clark eloquently explained that he seeks a reduction under § 3582(c) "without offering any excuses for his actions which led to the 12-½ year prison term that he is now serving. [He] understands that his participation in the drug trade has caused a lot of harm in the lives of others, and has hampered the health and the development of his community.  In realizing this, he has since made every attempt to bring change into his life by setting his mind on pursuing positive goals.  Throughout his time in prison, [he] has exemplified growth, productivity and rehabilitation."  He also writes with obvious pride about his "continuous[ ] . . . outstanding evaluations from his work supervisors and unit staff," and the "admirable array of certificates and accolades for his participation in different programs offered at the prison."  Pro Se Motion at 10-11 (Docket Entry No. 49).  In short, Mr. Clark "understands the importance of education and the assuredness that information imparts upon those pursuing dreams that are worthwhile.  And, because Mr. Clark's

5

attitude no longer reflects the shiftlessness endemic to his past, he has since been working hard to change his life into a model of purpose of usefulness." Id. at 11.

The parties agree that Mr. Clark should get the benefit of the Sentencing Commission's recent amendment to the crack guideline and that the new guideline sentencing range is 121-151 months. The mandatory minimum sentence is 120 months. Counsel urges the court to sentence Mr. Clark at the low end of this range, as doing so is not only consistent with the sentencing court's original assessment of the 3553(a) factors and its decision to sentence at the low end of the guideline range based thereon, but because nothing has been raised or presented which negatively impacts that § 3553(a) assessment.[2]

A sentence 121 months is sufficient to serve the the statutory purposes of punishment. See 18 U.S.C. § 3553(a)(1)&(2).

With respect to the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to

---

[2] If the court were to adhere rigidly to Judge Ziegler's decision to impose the lowest possible sentence available at the time, the court would impose a sentence of 120 months – the mandatory minimum. Although a sentence of 120 months would be one month below the post-amendment guideline range, that range, as well as U.S.S.G. § 1B1.10(b)(2)(A), which seeks to limit the extent of a reduction under § 3582(c) to the low end of the post-amendment guideline range, are merely advisory and do not prohibit a court from imposing a sentence below that range where, as here, doing so is appropriate under § 3553(a).

provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, § 3553(a)(2)(A)-(C), the national consensus which led to the Sentencing Commission's decision to reduce the crack cocaine guideline is evidence that any sentence within the advisory range of 121-151 months – including one at the low end of the range – will serve these purposes.  The remaining purpose – to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(D) – also is served by a sentence of  121 months given Mr. Clark's significant accomplishments while in prison.  Any remaining need for educational or vocational training will be most effective if Mr. Clark is able to obtain such education and training outside of prison.  He has taken advantage of numerous programs available within the Bureau of Prisons and excelled.  Now it is time for him to have an opportunity to live by what he has learned and to continue his education and training within the context of his life and professional endeavors.

In sum, the parties agree that the court should reduce Keith Clark's post-Shoupe departure offense level of 31 to a level 29, which yields a sentencing range of 121-151 (CHC IV).  Nothing raised in these § 3582(c) proceedings alters the court's original § 3553(a) assessment to Mr. Clark's detriment and, as a result, he

should again receive a sentence at the low end of guideline range. If anything, Mr. Clark's actions in the time since his original sentencing confirm that Judge Ziegler's assessment was correct and otherwise weigh in favor of his receiving the full benefit of the amendment to the crack cocaine guideline. Under the facts and circumstances of this case, a sentence of 121 months is wholly sufficient to serve the statutory purposes of sentencing.[3]

 

Respectfully submitted,

/s/ Lisa B. Freeland
Lisa B. Freeland
Federal Public Defender

---

[3] There is no meaningful distinction between 121 and 120 months in terms of the § 3553(a) analysis.