IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

KEITH L. CLARK,

       Defendant.

Criminal No. 00-037
**ELECTRONICALLY FILED**

### MEMORANDUM AND ORDER OF COURT GRANTING MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE 18 U.S.C. § 3582 (DOC. NO. 49)

Before the Court is defendant Keith L. Clark's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 (doc. no. 49) which requests this Court to reduce his 151 month term of imprisonment imposed on August 8, 2000, by a former colleague of this Court (the Honorable United States Chief District Judge Donald E. Ziegler). Chief Judge Ziegler had departed from the initial guidelines range of 262 to 327 months imprisonment to a range of 151 to 188 months imprisonment, based on his determination that defendant's career offender status substantially overstated the seriousness of his criminal record. See *United States v. Shoupe*, 35 F.3d 835 (3d Cir. 1994).

The government agreed in its Response to Defendant's Motion for Reduction of Sentence (doc. no. 50) that defendant's sentence should be reduced by two offense levels pursuant to the retroactive amendments to the guidelines, 18 U.S.C. § 3582(c), regarding sentences imposed with reference to the now-modified crack to powder cocaine ratio. After the Federal Public Defender entered her appearance, the Court directed the parties to file Sentencing Memorandum stating their positions with respect to this motion and resentencing.

After careful consideration of defendant's motion, the government's response, and the parties' respective Sentencing Memoranda, the Court and the parties are in agreement that the motion should be granted and that the starting point for resentencing should be the post-departure sentencing range as determined by Chief Judge Ziegler, namely, 151 to 188 months imprisonment.  See *United States v. Poindexter*, 2008 WL 1946821 (E.D.Pa. 2008) (where original sentence was imposed based in part on crack to powder cocaine sentencing ratio and in part on previous sentencing judge's *Shoupe* departure, starting point for resentencing pursuant to section 3582(c) is the post-departure range).  Accordingly,

IT IS HEREBY ORDERED that defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 (doc. no. 49) is GRANTED.  The Court will therefore reduce defendant's offense level by two, and will resentence him within the reduced advisory sentencing range of 121 to 151 months, after considering the items attached to defendant's motion for reduction of sentence, the argument of government and defense counsel regarding the section 3553(a) factors set forth in their respective Sentencing Memoranda, and any additional argument that may be presented at the resentencing hearing.

SO ORDERED this 7th day of July 2008

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties